**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NUMBER: |
| vs. | : | 3:03CR103 (JCH) |
| KURT CLAYWELL | : | AUGUST 17, 2005 |

**DEFENDANT'S REPLY TO GOVERNMENT'S AMENDED SENTENCING MEMORANDUM**

**I. Preliminary Statement**

The Defendant, Kurt C. Claywell, by counsel, hereby supplements his prior sentencing memorandum with responses to a number of items raised in the Government's Amended Sentencing Memorandum, which was received by counsel for the Defendant on August 15, 2005. Counsel respectfully requests the opportunity to supplement these arguments at the sentencing scheduled for August 19, 2005.

**II. Government's Mischaracterization of Defendant's Prior Conviction**

In its attack upon the Defendant in the Amended Sentencing Memorandum, the Government has mischaracterized the conviction of the Defendant in the year 2000. The Government specifically states: "he was prosecuted federally in 2000 for pilfering over four hundred thousand dollars from his employees' pension funds to pay for his own personal expenses and was sentenced to two years of probation". Counsel has attached to this memorandum a copy of the transcript of the sentencing held on October 23, 2000 before the Honorable Alvin W. Thompson. In that transcript, Judge Thompson noted, at page 17, that

the harm that resulted from the Defendant's offense was harm to the integrity of the plan by commingling funds.  He also noted that it appears that there were always adequate funds available to make the plan whole.  Furthermore, Judge Thompson specifically found that no participant in the employees' pension fund had been or would be harmed as a result of this offense.  The Defendant believes that a review of the sentencing transcript will provide this Court with an accurate description of the nature of the Defendant's conviction in the year 2000.

### III.  Violations of Conditions of Release

The Government has urged, as a basis for denying the Defendant a reduction in his guideline calculations for acceptance of responsibility, the fact that he violated his conditions of release.  The Defendant urges the Court to consult with United States Probation Officer Kattya Lopez with respect to the Defendant's history of compliance with the conditions of his release and faithful reporting.  The nature of the violation of the conditions of the release involved the Defendant failing to notify the Probation Office of multiple contact with the police.  As the Government has noted, when the Defendant was arrested in State Court, Counsel for the Defendant promptly notified the U.S. Probation Office.  Counsel for the Defendant argued before Judge Hall that the violations of the conditions of release were negligent violations and not willful violations.  After a full hearing, the Court continued to allow Mr. Claywell to remain at liberty with the imposition of certain additional reporting conditions.  Mr. Claywell has complied with those additional reporting conditions.  Counsel respectfully submits that a negligent violation of the reporting

requirements of Mr. Claywell's conditions of release should not constitute sufficient grounds to deny him acceptance of responsibility.

**IV.    Claims Regarding the Wage and Hour Division of the U.S. Department of Labor**

The Government has asserted that the Defendant should be denied acceptance of responsibility by claiming that he has engaged in criminal activity while on release in relation to claims of failure to provide mandated fringe benefits to a number of electricians who were employed on a federally funded contract in Groton, Connecticut. Undersigned counsel has only been provided, this week, with a stack of documents relating to this investigation. There is not inadequate time for counsel to review these documents to prepare a meaningful response. The Court should be advised that money has been deposited into a separate interest bearing account for the amount of money being claimed in this service. In addition, there is also a payment bond on this project. Furthermore, as this matter is currently in the process of an audit, which has not been completed, counsel respectfully submits that these claims raised by the Government should not be considered by the Court as supporting the Government's assertion that the Defendant should be denied acceptance of responsibility.

**V.    Allegations of Possession of a Firearm by a Convicted Felon are Unsubstantiated**

The Defendant takes exception to the claims raised by the Government that the Defendant possessed a firearm. This matter was the subject of an evidentiary hearing held

before the Honorable Alvin W. Thompson.  Although the Government does accurately state that Special Agent Mulligan testified that he found a pack of Mobil credit cards that had been issued one month before the search behind a small wooden door inside the safe, such testimony was clearly not credited by the Court.  That drawer was broken and had no knob with which to open the door.  The testimony developed at the hearing reflected that the Government had not taken care to document where evidence was seized from the safe in a reliable fashion.  Furthermore, although fingerprints were found on the gun, they were not the fingerprints of Kurt Claywell.  After an extensive evidentiary hearing with numerous witnesses, the Court made the finding that the Government had not met its burden of proof by a preponderance of the evidence, that the Defendant had possessed a firearm.  The Government's claims, raised in their Amended Sentencing Memorandum, are unsupported by the credible evidence.

### VI.  The Defendant Has Not Filed False Tax Returns

As referenced in the Government's Amended Sentencing Memorandum, there were certain itemized expenditures made from corporations controlled by the Defendant which were in fact personal expenditures.  Prior to the execution of the plea agreement, the Defendant reimbursed, from his own funds, the corporations for these personal expenses.  As a consequence, as reflected in the amended corporate returns, this resulted in the corporations having increased earnings and corresponding increased tax liability.  As these expenditures were personal expenditures and not appropriate corporate expenditures, the accountant for the Defendant revised the Defendant's personal income taxes imputing these

expenditures as loans to the Defendant and charging the Defendant with interest and the corresponding income tax for such expenditures. Accordingly, those amended income tax returns reflect the fact that that these personal expenditures were paid out of corporate funds. The Court should be aware that the Defendant has, prior to indictment, made a two hundred thousand dollar payment to the Internal Revenue Service in anticipation of a tax liability. Accordingly, when the Government asserts that the Defendant "doesn't get it", that is refuted by his actions which have been consistent with acceptance of responsibility.

### VII. Conclusion

The Defendant respectfully submits that based upon his initial Sentencing Memorandum and this memorandum, together with oral argument to be presented before the Court at sentencing, that he should be granted acceptance of responsibility in consideration of application of the Federal Sentencing Guidelines in that he has entered a plea of guilty before the Court, acknowledged his criminal responsibility, and not obligated the Government to proceed to trial in this matter.

Respectfully Submitted,


By_____
    M. Hatcher Norris, Esq.
    BUTLER NORRIS & GOLD
    254 Prospect Avenue
    Hartford, CT  06106
    Tel. No. (860) 236-6951
    Federal Bar No. ct 00061

**CERTIFICATION**

   I hereby certify that a copy of the foregoing was mailed postage prepaid, via first-class mail on this 17th day of August, 2005 to all counsel and parties of record as follows:

United States District Court
District of Connecticut
Clerk's Office
915 Lafayette Blvd.
Bridgeport, CT  06604

Honorable Janet C. Hall
United States District Court
District of Connecticut
915 Lafayette Blvd.
Bridgeport, CT  06604

**(CHAMBERS COPY)**

William J. Nardini, Esq.
Assistant United States Attorney
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT  06508

Stanley A. Twardy, Jr., Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT  06901-2047

                   _____
                   M. Hatcher Norris, Esq.