

**Gaberman & Parish, P.C.**

'04 OCT 22 P 12:59

Attorneys
Richard M. Gaberman
Ronda G. Parish
Of Counsel
Leonard Judelson

October 21, 2004

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7003 3110 0001 8608 5948**

Mr. Greg Mirabelli
Manager, Individual Life Claims
The Travelers Insurance Company
P.O. Box 990020
Hartford, CT 06199-0020

  Re: Measuring Life Name: Karl C. Claywell
    Policy # LTC3984715

Dear Mr. Mirabelli:

  This is in response to your letter to Mr. Kurt Claywell dated October 11, 2004. I have reviewed this October 11th letter, Mr. Claywell's correspondence to you which was sent April 12, 2004, and the Settlement Death Benefit Certificate on Karl Claywell's life which set forth the terms of a proposed Settlement Agreement.

  As you noted in your October 11th letter, Mr. Kurt Claywell attempted to diligently comply with the requirements set forth in the Settlement Death Benefit Certificate. All of the requirements were met except that Mr. Karl Claywell's will was not submitted to probate in Connecticut because there were no other assets to probate. You were advised that Kurt Claywell had been named as executor under the will and based on the succession tax return that was filed to you, it was clear that Kurt Claywell was named as the beneficiary as a son under Class A as reported on Form S2 and provided to the State of Connecticut and probate court. You also received the form from the State of Connecticut signed by Judge Becker noting there was no succession tax (which is based on the fact that all assets were inherited by the son, Kurt Claywell) and assenting to a certificate of no tax. In addition, your form showing the Personal Representative was completed and signed by Mr. Claywell. As you accurately noted in your letter, I did call you on April 26, 2004 and advised you that since there were no probate assets, no taxpayer i.d. number was required for the estate.

  On April 27, 2004, we further discussed the issue of the will and the taxpayer i.d. number. Your notes are substantially incomplete. I advised you that I may have a copy of the will and, if I did, I would forward it to you. When we were speaking at that time, I was

unable to locate a copy of the will. You did not follow up with me regarding the will nor did you follow up with Kurt Claywell regarding the requirement of the will. I would assume that if a requirement was necessary to comply with an arbitrary position that you individually made with regard to paying a legal and binding claim, I would assume that you would have submitted a notice in writing to Mr. Claywell, by certified mail, thereby guaranteeing that he received appropriate notice. You failed to perform in that manner.

You and I also discussed whether a taxpayer i.d. number was necessary. I questioned whether it was necessary because if this was not income taxable to the estate, there was no point in obtaining a taxpayer i.d. number. You were going to check and determine whether a taxpayer i.d. number for the estate was, in fact, required because there would be taxable income to the estate. Apparently you did not do that and you did not follow up with me or with Mr. Claywell regarding the taxpayer i.d. number. Again, you failed to perform.

Mr. Claywell has patiently awaited for the proceeds from Travelers and it is my understanding he has previously called you to request payment. Those calls were not returned and five months later you are now trying to cover yourself by stating that I did not send you a copy of a will, therefore, the claim is not payable.

Unfortunately, neither Mr. Claywell or I are in possession of the will. The will is currently in evidence along with numerous other documents in an unrelated case in federal court. They are unobtainable and we cannot submit it for probate. Again, unless you were to advise that there is clearly taxable income to the estate, a taxpayer i.d. number is not necessary.

Mr. Mirabelli, you have failed to comply with your requirements, you have abused your position and are asserting that you have liberal and total discretion, but it was not granted to you under the Settlement Agreement, and your failure to pay the settlement as required constitutes unfair trade practice.

Please be advised that if settlement is not paid forthwith, Mr. Claywell will pursue all legal rights and options available to him in order to receive payment under this claim.

                Very truly yours,

                Ronda G. Parish

RGP:lb

cc: Mr. Kurt Claywell


TravelersLife & Annuity
A member of citigroup

P.O. Box 990026
Hartford, CT 06199-0026

Overnight Mail:
One CityPlace, 18th Floor
Hartford, CT 06103-3415

**Brian L. Fresher**
Counsel
*Law & Regulatory Affairs*
(860) 308-7697
(860) 308-3899 (Fax)
Email: Brian.Fresher@citigroup.com

November 23, 2004

Rhona G. Parish, Esq.
Gaberman & Parish
32 Hampden Street
Springfield, Massachusetts 01103

Re: Measuring Life Name: Karl C. Claywell
Subject Policy Number: LTC3984715

Dear Attorney Parish:

This letter is in response to yours of October 21, 2004 to Mr. Gregory Mirabelli, as well as to Mr. Claywell's more recent telephone call to Travelers Life and Annuity (TL&A) reregistering his dissatisfaction.

There are several inaccuracies in your letter which need to be addressed. As well, we wanted to be clear on what the position of our company is with respect to your claims.

By way of background, as you know, as a part of the settlement of the case of Campbell v. The Travelers Insurance Company, et al., there was a Settlement Death Benefit Certificate issued to the class member referenced above. As described in the Settlement Death Benefit Certificate, per order of the Court, in order for the Settlement Death Benefit to be payable, certain documents were to be provided; more specifically, these were to be mailed and postmarked back to TL&A no later than 60 days after TL&A postmarked the payment form to the Payee.

There is no dispute that the Payment Form and other information were mailed on March 17, 2004. The documents needed from your client, as stipulated by the court order, were:

1.) The Settlement Death Benefit Certificate mailed to the class member with the Notice of Class Action in August 2002 or an Affidavit attesting that the Settlement Death Benefit Certificate has been lost; and
2.) A certified copy of the Measuring Life's death certificate; and
3.) Proof of the Personal Representative/Executor/Administrator of the Estate of the Measuring Life's identity, such as a photocopy of a driver's license or passport; and
4.) A copy of the court appointment order naming the Personal Representative/Executor/Administrator of the Measuring Life's estate.

5.) Tax Identification Number of the Measuring Life's Estate.

Following the March 17, 2004 mailing, we received a call on April 2, 2004 from a "Patricia", who identified herself as working for Mr. Claywell, who indicated she had questions regarding the forms. Our Mr. Mirabelli called her promptly; she stated that she was not sure if the Estate would be probated. She was informed that the benefit was payable to Mr. Claywell's Estate, that a court-appointment order naming the executor of the Estate would need to be submitted, and that a Tax Identification Number (TIN) would need to be obtained for the Estate.

Thereafter, on April 12th, your client called Mr. Mirabelli, and discussed the requirements necessary for the payment of the benefit to the estate. That day, Mr. Claywell provided a fax of certain documents, with the exception of the court-appointment order naming the Personal Representative, Executor or Administrator of the Measuring Life's estate. We did receive an unrelated document from the Probate Court titled "Certificate of No Tax".

On April 19th, your client called again looking for the status of the payment, and we again explained that we needed the court-appointment order naming the Personal Representative, Executor or Administrator. (Note that this is required by the Court Order-not TL&A) At that point, a call was placed to your "Laura" of your office. Laura was provided the requirements for payment, along with Mr. Mirabelli's telephone number in the event you wished to call him.

On April 26th, you called Mr. Mirabelli, leaving a voice mail to call back-along with the message that there was no TIN for the Estate and that there were no probate assets. On April 27th, Mr. Mirabelli called you two times- you were not available and he left word to have you call him. You then recalled him-and again discussed this matter, with you stating that there were no (other assets) in the estate to probate. You also noted, and this was the first time this issue was related to TL&A, that Karl C. Claywell's will nominated Kurt Claywell to act as the executor of his estate. Mr. Mirabelli told you that <u>we could accept a copy of the will</u> if it nominated Kurt to act as executor without an order of the probate court appointing him as executor, but again stated that a <u>TIN for the estate would still be required</u>. You indicated that you would get back to him, but never did. The time period for payment of the benefit expired May 17, 2004.

Your October 21, 2004 letter to Mr. Mirabelli states that " ...As you noted in your October 11th letter, Mr. Kurt Claywell attempted to diligently comply with the requirements set forth in the Settlement Death Benefit Certificate". Mr. Mirabelli made no such notation—in fact, while Mr. Mirabelli was quite diligent in responding to your inquiries, the requests he made for the TIN, and the will, were apparently ignored until recently.

You note that Mr. Mirabelli was advised that Kurt Claywell was the named executor of his father's estate-and that you were asked for that document. Despite Mr. Mirabelli's requests, it was never provided. Whether you indicated you had it, or noted it was in the possession of another, is not material; it was your client's obligation to forward the document to TL&A. Your claims that Mr. Mirabelli was somehow negligent in that he failed to follow up with you regarding the will, that he did not follow up with Kurt Claywell regarding the requirement of the will, and that he had some obligation or was going to check and determine whether a TIN was required, are without merit.

You and your client were well aware of the requirement of documentation required by the Court relative to the naming of a personal representative/executor/administrator, and that a TIN was required. While you raise this in your letter, we are not sure how you would expect TL&A or Mr. Mirabelli to determine whether or not any individual estate has tax liabilities, since this is a function of numerous variables. We need a TIN irrespective of the ultimate taxability of any individual estate.

In summary, TL&A and Mr. Mirabelli acted appropriately and correctly in the handling of this matter. He went to great lengths to accommodate and address questions raised by Mr. Claywell, his assistant, and you.

This letter is written base upon all information currently available. Should you wish to provide us with any additional information, please feel free to contact me at (860) 308-7697.

Sincerely yours,

Brian L. Fresher
Counsel

BLF/daf



Attorneys
Richard M. Gaberman
Ronda G. Parish
Of Counsel
Leonard Judelson

March 3, 2005

Brian L. Fresher, Esq.
Travelers Life & Annuity
P.O. Box 990026
Hartford, CT 06199-0026

  Re: Karl C. Claywell
    Policy No. LTC3984715

Dear Attorney Fresher:

  On January 11, 2005, almost two months ago, we had a very lengthy conversation regarding my position on your response letter dated November 23, 2004. After that conversation, you advised you were going to check into matters further and get back to me. I would appreciate your prompt response.

  Thank you.

         Very truly yours,

         Ronda G. Parish

RGP:lb

cc: Mr. Kurt Claywell



32 Hampden Street, Springfield, Massachusetts 01103 • Phone 413.781.5066 • Telecopier 413.732.5439



TravelersLife & Annuity
A member of citigroup

P.O. Box 990026
Hartford, CT 06199-0026

Overnight Mail:
One Cityplace, 20th Floor
Hartford, CT 06103-3415

Brian Fresher, Esq.
Counsel
*Law & Regulatory Affairs*
*(860) 308-7697*
*(860) 308-3899 (Fax)*
Email: Brian.Fresher@citigroup.com

May 17, 2005

Ms. Ronda G. Parish, Esq.
32 Hampden Street
Springfield, MA 01103

RE:  Your letter of March 3, 2005
     Measuring Life: Karl C. Claywell
     Policy No. LTC3984715

Dear Ms. Parish:

Thank you for you letter of March 3, 2005, in which you asked for a response to the issues you have discussed with me.

Following our earlier discussion, I met with Mr. Greg Mirabelli to review the matter. The upshot of this discussion is that Mr. Claywell's claim for an additional Settlement Death Benefit under the terms of the Campbell v. Travelers Class Action Settlement is denied, because Mr. Claywell failed to provide the required information in a timely manner in order to collect the Settlement Death Benefit payment. As set out in the Settlement Death Benefit Certificate:

> If the Payee ... fails to submit the items identified in (1) - (7) above to Travelers at the above address, postmarked no later than 60 days after the Travelers postmarks a payment form to the Payee, Travelers shall be under no obligation to provide the Settlement Death Benefit Payment to the Payee.

Specifically, no Taxpayer Identification Number (TIN) or copy of the will has never been provided to us, even after we reached an understanding that we would accept a copy of the will designating Mr. Claywell as executor in satisfaction of requirement number (5) that we be provided with "court documents appointing the Payee as Personal Representative or Executor of the Measuring Life's estate". No TIN has been provided.

If we understand your position correctly, it is that Mr. Mirabelli, in his role as Manager of Individual Life Claims at The Travelers Insurance Company, is asserting that he has discretion in administering this payment, but that he in fact does not have the discretion to require that a

Payee comply with the requirement of the Settlement Death Benefit Certificate that "the Payee properly and timely collects the Settlement Death Benefit Payment" as described in the Settlement Death Benefit Certificate. It is our position that The Travelers Insurance Company does not have the discretion to deviate from the terms of the court order adopting the terms of the settlement.

If you have any questions about this denial of Mr. Claywell's claim, please call me at 860-308-7697 or email me at Brian.Fresher@citigroup.com. This letter is written based upon all the information we currently have on this matter. If you have additional information, please feel free to provide it.

Very truly yours,

Brian Fresher, Esq.
Counsel

c.c.   Greg Mirabelli, Manager