UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:03-CR-103 (SRU) |
| | : | |
| v. | : | **FILED UNDER SEAL** |
| | : | |
| KURT C. CLAYWELL | : | October 6, 2005 |

**GOVERNMENT'S MOTION TO REVOKE RELEASE**

The United States of America, by and through the undersigned counsel, hereby moves to revoke the defendant's release.

On April 22, 2003, a grand jury returned a multiple-count indictment charging the defendant with various tax, fraud, and weapons possession offenses. On May 14 and September 8, 2003, the defendant pleaded guilty to various charges in that indictment. On August 19, 2005, this Court sentenced the defendant primarily to a term of imprisonment of 66 months. At the sentencing hearing, without objection from the Government, the Court ordered that the defendant voluntarily surrender to the Bureau of Prisons before 2:00 p.m. on October 26, 2005.

Based on the undersigned's recollection of the sentencing hearing, the defendant was continued on release on the same terms that had been initially ordered by the Hon. Holly B. Fitzsimmons, U.S.M.J., at the time of the defendant's arraignment, and which had been continued (and amplified) by the Hon. Janet C. Hall at a violation of release hearing on June 13, 2005. Among those terms of release was the condition that the defendant not leave the District of Connecticut without the prior approval of the Court, except that he could travel without prior approval to his house in Otis, Massachusetts. As a condition of release, the defendant was also required to relinquish his passport. *See* Doc. #7 [including condition 7(g), requiring the defendant to "surrender any passport to: Clerk of Court in Htfd by close of business 4/29").

Just today, it has come to the attention of the Government that the defendant has not, in fact, turned over his passport to the Office of the Clerk of Court. Official docket entries show that the defendant initially turned over his passport to the Clerk's Office on April 29, 2003, after his indictment and arraignment. The defendant subsequently moved on June 1, 2004, for permission to travel to Canada for a single fishing trip from June 13 through June 20, 2004. *See* Doc. #29. That motion was granted by electronic endorsement order on July 14, 2004. *See* Doc. #31. The defendant accordingly retrieved his passport from the Clerk's Office on June 10, 2004, and filed a signed receipt for his passport. *See* Doc. #30.

Based on inquiries with the Clerk's Office, the United States Attorney's Office has just today learned that the defendant never returned his passport to the Clerk after retrieving it in June 2004. The Clerk's Office has informed the undersigned that it has searched all lists of such documents in each of the seats of Court, and that there is no record of the defendant ever having returned his passport. The Clerk's Office has also informed the undersigned that it has physically inspected those documents which have been entrusted to its safekeeping, and the defendant's passport is not present. Moreover, the Government is informed by the Clerk's Office that it follows a strict protocol with respect to surrendered passports -- as evidenced by the docket entries from June 2004 -- that it will issue a written receipt for any such surrendered passport, and create a docket entry for such deposit.

It is the Government's understanding that the defendant has informed the Probation Office that he did in fact return his passport to the Clerk's Office after his Canadian trip, but that he was instructed by Clerk's Office personnel to simply leave his passport on the counter, and that he was not given a receipt for surrendering the passport. It is further the Government's understanding that the defendant has not offered any corroboration for his claim, either in the form of documents or otherwise. The Government respectfully submits that this uncorroborated assertion is insufficient

to establish that the defendant in fact returned his passport, in light of evidence to the contrary.

The Government has pointed out on numerous occasions the defendant's proclivity to make false statements, including under oath. Among other things, the defendant himself admitted in his plea agreement that he made numerous false statements under oath on certified payroll reports; that he submitted numerous false tax returns; and that he submitted numerous fraudulent invoices to Traveler's Insurance over the span of 18 months. At sentencing, this Court also found that the defendant had submitted proposed amended tax returns that did not comply with the terms of his plea agreement, in that they did not report as personal income numerous items which, he had already admitted, had been falsely and deliberately omitted from his Forms 1040. In short, the defendant has not demonstrated his compliance with an essential term of his conditions of release -- that is, he has not surrendered his passport to the custody of this Court.

Given the defendant's history of dishonesty, the Government respectfully submits that the defendant has violated a term of his release by failing to surrender his passport, and that such violation constitutes a failure to provide this Court with adequate assurance that the defendant will not pose a risk of flight. *Cf.* 18 U.S.C. § 3143 (governing release pending sentence or appeal; requiring defendant to show by clear and convincing evidence that defendant "is not likely to flee"). On this subject, the Government also notes, on information and belief, that Claywell has filed for personal bankruptcy and therefore has no financial disincentive to flight; that ongoing investigations by the state and federal departments of labor place in jeopardy his electrical contracting license, as well as his future ability to obtain government-funded contracts; that he is engaged in divorce proceedings which reduce his family ties to the community; and that the defendant has a proven track record of surreptitiously transferring funds in ways designed to make them hard to trace. In light of all of these factors -- and most notably the defendant's failure to return his passport -- the

Government respectfully submits that there is no set of conditions that will reasonably assure the defendant's surrender to the Bureau of Prisons, and it accordingly moves for revocation of the defendant's release.

The Government respectfully moves the Court to permit filing of the present motion under seal, pending its decision whether or not to revoke the defendant's release, so as not to alert the defendant and potentially prompt his flight. In the event that the Court decides to grant the motion, the Government respectfully requests issuance of a warrant for the defendant's arrest. Upon apprehension of the defendant, the Government would then move for unsealing of the present motion.

                Respectfully submitted,

                JOHN H. DURHAM
                ACTING UNITED STATES ATTORNEY

BY:   HAROLD H. CHEN
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. CT24432

FOR:  WILLIAM J. NARDINI
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. CT16012
        157 Church Street, 23rd Floor
        New Haven, CT  06510
        Tel.: (203) 821-3700
        Fax: (203) 773-5377
        E-mail: william.nardini@usdoj.gov